UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT JOSEPH MUCHA,

        Plaintiff,

v.                                                Case No. 13-CV-14882
                                                  Honorable Denise Page Hood

UNITED STATES OF AMERICA,

        Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [#3] AND CLOSING CASE

**I. INTRODUCTION**

Now before the Court is Defendant's Motion to Dismiss **[Docket No. 3, filed December 3, 2013]**.  Plaintiff has not filed a response to this motion.  For the reasons stated below, Defendant's Motion to Dismiss is **GRANTED**.

**II.  BACKGROUND**

Defendant removed this case to this Court on November 26, 2013, from the Oakland Circuit Court.  The case was initially captioned "Robert Joseph Mucha v. Jack Charles Jones" but on removal, Defendant Jones was replaced with the United States because he was a "United States Department of the Army Employee, who allegedly caused an accident in which plaintiff suffered multiple injuries."  Jones was "deemed to be an employee of the United States . . . acting in the scope of his

employment at the time of the incident out of which this suit arose."

In his Complaint, Plaintiff alleges that on or about March 3, 2011, at approximately 3:42 p.m., former Defendant Jack Jones, the owner and operator of a 2008 Chevrolet Silverado, fell asleep at the wheel and crashed into the back of Plaintiff Mucha's vehicle. Plaintiff contends that the collision was the result of former Defendant Jones's "negligence" and that he, Plaintiff Mucha, suffered "severe, serious, permanent and incurable injuries and serious impairment of body function as a matter of law." Plaintiff argues that he was not guilty of any negligence and his actions did not contribute to the collision in any way. Plaintiff states that he has suffered a loss of wages as well as his physical injuries and requests this Court grant him damages "in an amount to fairly and adequately compensate him for the damages . . . together with interest, costs, and attorney fees."

**III.   ANALYSIS**

To determine whether the Court has subject matter jurisdiction of a claim under Fed. R. Civ. P. 12(b)(1), "the Court must assume that plaintiff's allegations are true and must construe the allegations in a light most favorable to him." *3D Sys., Inc. v. Envisiontec, Inc.*, 575 F. Supp. 2d 799, 803 (E.D. Mich. 2008) (citing *Little Traverse Bay Bands of Odawa Indians v. Great Spring Waters of America, Inc.*, 203 F.Supp.2d 853, 855 (W.D. Mich. 2002)). "Relief is appropriate only if, after such construction, it is apparent to the district court that there is an absence of subject matter

jurisdiction." *Id.* Where jurisdiction is challenged under Fed. R. Civ. P. 12(b)(1), "plaintiff bears the burden of proving jurisdiction in order to survive the motion." *Id.* (citing *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986)).

In this case, Defendant, the United States, argues that this Court lacks subject-matter jurisdiction over this case and the matter must be dismissed according to Federal Rule of Civil Procedure 12(b)(1). Lack of subject matter jurisdiction may be asserted at any time, either in a pleading or a motion. Fed. R. Civ. P. 12(b)(1); *See also Television Reception Corp. v. Dunbar*, 426 F.2d 174, 177 (6th Cir. 1970)). Specifically, Defendant argues that the exclusive remedy for the tort on which Plaintiff claims relief, the Federal Tort Claims Act claim, 28 U.S.C. § 1346(b), 2671, *et seq.*, cannot provide Plaintiff relief because he (1) failed to exhaust all administrative remedies before bringing this action and (2) failed to file his claim within the two year statute of limitations.

The Federal Tort Claims Act (FTCA) provides that an "action shall not be instituted upon a claim against the United States for money damages" unless the claimant has first exhausted his administrative remedies. *See* 28 U.S.C. § 2675(a). Defendant has presented a declaration from Lorenzo Ferguson, Chief, Operations and Record Branch, United States Army Claims Service in which Ferguson states "[a] thorough search of all records available to [the] Service has found no administrative claim was filed by [Plaintiff]." Where a court "considers factual issues outside the

record on a Rule 12(b)(1) motion, it must do so in a manner that is fair to the non-moving party." *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 918 (6th Cir. 1986) (per curiam). Even if the Court were not to consider Ferguson's declaration, Plaintiff has not alleged in his Complaint that he has exhausted his administrative remedies as required and has not filed a response to Defendant's motion stating the same. The Supreme Court has noted that "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)). For this reason, Plaintiff's case must be dismissed.

Defendant also notes that Plaintiff failed to bring his suit within the two-year statutory window. Plaintiff alleges that the accident occurred on March 3, 2011, but did not file his suit until September 30, 2013. The Court appreciates that Plaintiff may not have known that former Defendant Jones was a federal employee or that he was acting within the scope of his employment at the time of the accident. However, "[n]either plaintiff's lack of knowledge regarding [former Defendant Jones's] federal employment nor the United States' removal of this case from state court to district court eliminates the jurisdictional requirement that a timely administrative claim be filed." *Rogers v. United States*, 675 F.2d 123, 124 (6th Cir. 1982) (stating that there is "is no equitable exception to the jurisdictional prerequisites of the Federal Tort Claims Act in this Circuit" and holding that the Plaintiff's case had to be dismissed

because he failed to file his claim within the two-year time limit).

Because Plaintiff has failed to comply with the statute by exhausting his administrative remedies prior to filing this case and failed to file his claim within the two-year statute of limitations, this Court lacks subject-matter jurisdiction and this case must be dismissed.

## V.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss **[Docket No. 3, filed December 3, 2013]** is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **CLOSED**.

**IT IS SO ORDERED**.

                                    S/Denise Page Hood
                                    Denise Page Hood
                                    United States District Judge

Dated:  August 28, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 28, 2014, by electronic and/or ordinary mail.

                                    S/LaShawn R. Saulsberry
                                    Case Manager